[No. 1522.]

CHARLES KEELER *alias* WILLIAM JONES v. THE STATE.

1. FORGERY—PRACTICE—INDICTMENT.—A forged order in writing for money or goods, though neither accepted nor filled, is such an instrument as, if it·had in fact been the act of the signer, would have " created a pecuni-

ary obligation;" wherefore a motion to quash a count in the indictment alleging the attempt to utter such an instrument, upon the ground that it would not create such an obligation, was properly overruled.

2. SAME.—In order to constitute forgery, and to sustain a conviction therefor, it is not necessary that the forged instrument shall have been passed in fact, and goods or money obtained upon the same. See the opinion in extenso on the question.

3. SAME—NEW TRIAL.—Indictment was for forgery and for an attempt to utter the forged instrument. The conviction was for forgery. Held, that a motion for new trial setting up that the order was not accepted by the party to whom it was addressed, and that neither goods nor money were obtained upon it, was properly overruled.

4. INDICTMENT OF PLURAL COUNTS—PRACTICE.—See the opinion in extenso for important suggestions upon the subject of embracing plural counts in a single indictment.

APPEAL from the District Court of Collin. Tried below before the Hon. R. Maltbie.

The indictment contained the two counts of forgery and an attempt to pass as true a forged instrument in writing knowing it to be forged, and in both counts declared upon the said instrument in hæc verba, as follows:

"BLUE RIDGE, March 31st, 1883.
"Messrs. Board & Markham:
"SIRS: Please let the bearer, William Jones, have the amount of ($15.00) fifteen dollars, and charge the same to me for a few days. I will be in town on the 10th of April, and settle with you; let him —— either goods or money as he wants, & oblige
"W. H. McCARLEY.
"Please send the bill to me by tuesday's mail."

The conviction was upon the count of forgery, and the penalty imposed was a two years term in the penitentiary.

The substance of the testimony, as shown by a very brief statement of facts, was, on behalf of the State, that McCarley did not write the order in question, but that, in the opinion of McCarley and another witness who had seen the defendant write, the defendant wrote it. That the defendant, under the name of Jones, presented the order to Dowell, a clerk in Board & Markham's store, and asked if he could get goods on it. That it being quite late, about night, Dowell told him probably he could in the morning, and took him to a hotel and directed the

proprietors to lodge him until morning. That the defendant did not return next day for goods or order.

Attaches of the hotel remembered Dowell bringing a man to stay over night, but could not identify the defendant as the man.

In addition to the question raised on motion to quash, and involved in the first ruling of this court, the motion for new trial denounced the evidence as insufficient to support the verdict.

*Abernathy Bros.*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant filed a motion to quash the count for attempting to utter and pass the instrument, because said instrument, if true, would not have created a pecuniary obligation.

This is the instrument:

"BLUE RIDGE, March 31st, 1883.
*"Messrs. Board & Markham:*

"SIRS: Please let the bearer, William Jones, have the amount of ($15.00) dollars, and charge the same to me for a few days. I will be in town on the 10th of April, and settle with you; let him —— either goods or money as he wants, & oblige,

"W. H. McCARLEY."

If in *fact* McCarley had executed this order, and it had been honored, there can be no sort or doubt of question of his pecuniary liability. We find no defect in the indictment; both counts are good.

Counsel for defendant, in their assignment of errors, insist that a new trial should have been awarded, because the order was not accepted, and that goods or money were not advanced by Board & Markham.

Appellant was not charged nor convicted for uttering the order. Forgery and an attempt to utter were the charges, and he was convicted of forgery.

We deem it unnecessary to discuss the proposition " That, to constitute forgery, the instrument forged must be passed, and money or goods acquired by virtue of the same." The intent to *injure* or *defraud* can be shown very clearly by other circumstances besides the uttering successfully the forged document. We find no error injurious to defendant, and this opinion is

8

written for the purpose of making some observations upon the subject of counts in indictments.

We cannot now call to mind a case which has been before us, within the last three years, in which the indictment contained more than one count. This is a remarkable fact, indeed, in view of the precedents and the recommendations therein given. By reference to Bishop, Archibald or Wharton, it will be found that these authors, in some character of cases, *urge* upon the pleader the insertion of various counts in the indictment. In this State we are forced to say that the effort has been, and is now, to cover by *one count* only all offenses of the same nature, whether embraced in the elements of the offense charged or not. Theft has been made to include embezzlement, swindling, receiving stolen property, and driving an animal from its accustomed range, etc. We are rejoiced, however, at the fact that we have one attorney prosecuting for the State who has the vigilance to insert more than one count in an indictment. This is encouraging.

We will not discuss at this time just what offenses can be charged by different counts in the same bill. The following can not only be charged in the same indictment, but the *State can not be forced to elect upon which count defendant shall be tried.*

In an indictment for the theft of a certain piece of property, counts for swindling, embezzlement, *receiving,* and, if an animal, altering mark or brand, branding horse, mule, ass, cattle, etc., without consent and with intent to defraud. Under an indictment for burglary, a count for the intended offense may be inserted, unless murder or rape be the intended felony, and one or the other of these offenses be actually committed. In this state of case, we advise that the party be indicted for the murder or the rape, omitting all mention of the burglary. In forgery, counts for uttering or attempting to utter and pass the forged document, may be inserted.

This short enumeration is not to be understood as embracing all of the offenses which may be charged by different counts in the same indictment; but, that which we wish to call special attention to is, that the State cannot be compelled to elect upon which count the defendant shall be tried in the cases above enumerated. The principle is that the court should always interpose, either by quashing the indictment or by compelling an election, where an attempt is made, as manifested by either the indictment or the evidence, to convict the accused of two or

more offenses growing out of distinct and separate transactions; but should never interpose in either mode, where the joinder is simply designed and calculated to adapt the pleadings to the different aspects in which the evidence on the trial may present a single transaction.

To illustrate: Suppose the indictment charges the theft of a certain horse in the first count; in the next, the embezzlement of said horse; in the next, swindling; next, that defendant received said horse, knowing it to have been stolen, etc. Now, upon the trial under such an indictment, the State will not be required to elect upon which count the defendant shall be tried. Upon such an indictment the defendant is tried upon all the counts, and the jury should be instructed by the court that, if not guilty of the theft, they should then consider the case as made by the count for embezzlement and the evidence relating thereto, and determine his guilt of that offense; and so on through all of the counts, supported by evidence, or which the evidence tends to support, instructing the jury so that they should find the defendant guilty of but one offense.

By an inspection of the charge of the learned judge who presided on the trial of this case, the jury were, by said charge, confined to the first count, to-wit, forgery. Whether an election was forced upon the State or not, the record is silent. If so, this was error against the State. Of this, however, the defendant cannot complain. There being no error of which appellant can complain, the judgment is affirmed.

*Affirmed.*